IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

PETER NYACHIRA, on behalf of himself and all other similarly situated persons,

    Plaintiffs,

vs.

NEW PRIME, INC.,

    Defendant.

Case No. 6:21-cv-03211-BP

**DEFENDANT NEW PRIME, INC.'S MOTION IN LIMINE TO EXCLUDE REFERENCES TO THE FINANCIAL CONDITION OF PRIME OR OF ANY PRIME EXECUTIVE OR MANAGER, AND SUGGESTIONS IN SUPPORT**

# INTRODUCTION

Prime respectfully moves to exclude any and all evidence regarding, reference to, or suggestions about, the wealth of its executives or managers—including CEO Robert Low (previously deposed by Plaintiffs)—as well as to any and all evidence regarding, reference to, or suggestions about, Prime's overall financial condition. Neither individual executives' or managers' wealth nor Prime's overall financial condition is relevant to any fact at issue in this case. Regardless, introduction of such evidence would be highly prejudicial to Prime, especially here, where Plaintiffs allege a failure to pay minimum wage.

# ARGUMENT

For more than 90 years, the Eighth Circuit has recognized that "[t]o permit evidence of the wealth of a party litigant, except where position or wealth is necessarily involved in determining the damages sustained, is prejudicial error." *Union Elec. Light & Power Co. v. Snyder Est. Co.*, 65 F.2d 297, 303 (8th Cir. 1933); *see also Major Brands, Inc. v. Mast-Jagermeister US, Inc.*, 2021 WL 2634665, at *2 (E.D. Mo. June 25, 2021) (citing *Union Elec. Light & Power Co.* and excluding evidence related to "the financial wealth of non-parties").

To that end, courts have consistently excluded evidence of wealth as irrelevant under Rule 401. *See, e.g.*, *Fluor Corp. v. Zurich Am. Ins. Co.*, 2021 WL 3021973, at *7 (E.D. Mo. July 16, 2021) (excluding evidence of a defendant company's "financial condition and net worth"); *id.* at *23 (excluding evidence of Plaintiff company's "financial condition" as not "relevant"); *Koufakis v. Carvel*, 425 F.2d 892, 902 (2d Cir. 1970) (even subtle references to wealth in questions such as whether a witness had visited "all five of [the defendant's] townhouses" were "irrelevant and unwarranted" and "grounds for a new trial" (cleaned up)); *VSI Holdings, Inc. v. SPX Corp.*, 2005 WL 5980804, at *7 (E.D. Mich. Apr. 12, 2005) ("Statements relating to the poverty of one of the

1

parties or the wealth of the other calculated to direct the jury's attention to the need of an injured party for compensation rather than the real issues in the case are not relevant.").[1]

This authority applies equally here. Evidence of individuals' wealth and/or Prime's overall financial condition is irrelevant and should be excluded. Such evidence does not make it "more or less probable" that PSDs are trainees or that TNTs were paid for all time worked. Fed. R. Evid. 401(a). Thus, individuals' wealth or Prime's "financial status . . . would have no relevance on any of the issues before the Court." *Major Brands, Inc.*, 2021 WL 2634665, at *2; *see also Roeder v. DIRECTV, Inc.*, 2017 WL 11458456, at *2 (N.D. Iowa May 31, 2017) (excluding "evidence regarding DIRECTV's net worth or finances" because such evidence is not "a relevant factor in the employment analysis"); *id.* at *3 (excluding "[e]vidence and argument related to DIRECTV's size and wealth in comparison to plaintiffs'" because such evidence is not "relevant to the economic realities test that the jury must apply to determine whether plaintiffs were employees of DIRECTV").

Setting aside relevance issues, evidence of individuals' or Prime's financial successes would be highly prejudicial, particularly in the context of Plaintiffs' claims for failure to pay minimum wage, distracting from the real issues in the case. *See e.g.*, *Fluor Corp.*, 2021 WL 3021973, at *7 ("Any attenuated relevance [of defendant's financial condition] alleged by Fluor is outweighed by the danger of unfair prejudice to Zurich"); *id.* at *23 (excluding evidence of

---

[1] When a plaintiff seeks punitive damages, evidence of wealth may be admissible. *See EEOC v. Walmart, Inc.*, 2023 WL 11113885, at *6 (S.D. Iowa Dec. 8, 2023) (citing *Schaub v. VonWald*, 638 F.3d 905, 926-27 (8th Cir. 2011)). But this exception is inapplicable here. The liquidated damages available under the FLSA "are not considered punitive," *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 941 (8th Cir. 2008), and Plaintiffs do not otherwise seek punitive damages under their state law claims. Moreover, statutory treble damages, like the kind provided for by the MMWL, are distinguishable from punitive damages. *See Carpenter v. Countrywide Home Loans, Inc.*, 250 S.W.3d 697, 701-02 (Mo. 2008) (en banc).

2

plaintiff's "size and affluence" because the "marginal probative value" of such evidence was "outweighed by the danger of unfair prejudice"). Exclusion under Rule 403 is likewise proper.

## CONCLUSION

Prime therefore respectfully requests exclusion of all evidence regarding, reference to, or suggestions about, its executives' or managers' wealth or Prime's financial status under Rules 401 and 403.

Dated: October 16, 2024

Respectfully submitted,

*/s/Michele L. Maryott*

| | |
|---|---|
| KATHLEEN M. NEMECHEK<br>JOCELYN A. VILLANUEVA<br>STEPHEN M. BLEDSOE<br>TIM S. MILLMAN<br>BERKOWTIZ OLIVER, LLP<br>2600 Grant Boulevard, Suite 1200<br>Kansas City, MO 64108<br>Telephone: 816-561-7007<br>Facsimile: 816-561-1888<br>knemechek@berkowitzoliver.com<br>jvillanueva@berkowitzoliver.com<br>sbledsoe@berkowitzoliver.com<br>tmillman@berkowitzoliver.com<br><br>*Attorneys for Defendant New Prime, Inc.* | MICHELE L. MARYOTT (*pro hac vice*)<br>JESSICA M. PEARIGEN (*pro hac vice*)<br>JORDAN JOHNSON (*pro hac vice*)<br>GIBSON, DUNN & CRUTCHER LLP<br>3161 Michelson Drive<br>Irvine, CA 92612<br>Telephone: 949-451-3945<br>Facsimile: 949-475-4668<br>mmaryott@gibsondunn.com<br>jpearigen@gibsondunn.com<br>jjohnson@gibsondunn.com<br><br>AMANDA C. MACHIN (*pro hac vice*)<br>THOMAS J. MCCORMAC IV (*pro hac vice*)<br>GIBSON, DUNN & CRUTCHER LLP<br>1700 M Street, NW<br>Washington, DC 20036-4504<br>Telephone: 202-887-3705<br>Facsimile: 202-530-4244<br>amachin@gibsondunn.com<br>tmccormac@gibsondunn.com |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this the 16th day of October, 2024, I electronically filed the above and foregoing document via the Court's CM/ECF system, which will send notification of said filing to all counsel of record.

                                                            /s/*Michele L. Maryott*
                                                            Michele L. Maryott