IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

PETER NYACHIRA, on behalf of himself and all other similarly situated persons,

    Plaintiffs,

vs.

NEW PRIME, INC.,

    Defendant.

Case No. 6:21-cv-03211-BP

**DEFENDANT NEW PRIME, INC.'S MOTION IN LIMINE TO EXCLUDE REFERENCES TO ALLEGATIONS OF HARASSMENT, DISCRIMINATION, OR OTHER MISCONDUCT, AND SUGGESTIONS IN SUPPORT**

# INTRODUCTION

Prime anticipates Plaintiffs may seek to admit allegations of harassment, discrimination, or other misconduct made against Prime or its employees. Prime moves for exclusion of such evidence under Federal Rules of Evidence 401, 402, and 403.

# ARGUMENT

**A.** Evidence of allegations of harassment, discrimination, or other misconduct is irrelevant to Plaintiffs' claims under Rule 401 and 402. Courts routinely hold that allegations of a party's alleged misconduct are irrelevant to resolving wage and hour claims. In *Brown v. PetEx 2, LLC*, 2013 WL 12327511 (N.D. Okla. Aug. 12, 2013), for example, the court excluded evidence of an alleged bribe offered by the defendant to a Mexican customs official as "not relevant to [the plaintiff's] wage claim," finding no "nexus between any alleged bribe" and the "claim for unpaid wages." *Id.* at *1. In so holding, the court emphasized that "[t]he relevant 'conduct' under the statute is conduct that is prohibited by *the FLSA*." *Id.* (emphasis original); *see also Abundes v. Athens Food Servs., LLC*, 2017 WL 6513105, at *1-2 (M.D. Tenn. Mar. 22, 2017) (excluding evidence that defendant in FLSA case sought to introduce); *Reyes v. Collins & 74th St., Inc.*, 2018 WL 11346740, at *13 (S.D. Fla. Mar. 8, 2018) (court excluding evidence of misconduct because it was not probative of "whether [Defendant] willfully violated the FLSA").

The same principles apply here. Plaintiffs' claims rest on the FLSA, the MMWL, and the common law of unjust enrichment alone. Whether PSDs are employees under the FLSA does not turn on the veracity of allegations of harassment, discrimination, or other misconduct, such as those raised in the deposition testimony of Opt-In Plaintiff Samuel Sloop (who alleged, for example, that one lead seat threatened to leave him at a truck stop for discriminatory reasons). Evidence of such allegations would not make any fact material to the resolution of wage and hour claims more or less likely to be true. As in *Brown*, there is no "nexus" between any possible

1

allegations against Prime or its employees, and Plaintiffs' wage-based claims.

    **B.** Even were evidence of allegations of harassment, discrimination, or other misconduct minimally probative, it would be unfairly prejudicial to Prime, serving only to "divert the [factfinder's] attention from the material issues in the trial." *Barclay v. Mercy Health Servs-Iowa Corp.*, 2009 WL 939846, at *2 (N.D. Iowa Apr. 6, 2009) (internal quotation marks omitted). Indeed, in *Reyes* and *Abundes*, the courts concluded that evidence of the parties' alleged and unrelated misconduct was both irrelevant and unfairly prejudicial. *See Reyes*, 2018 WL 11346740, at *13 ("Assuming *arguendo* that [evidence of alleged hiring of undocumented workers is] somehow relevant, the Court finds that such relevance is substantially outweighed by the danger of unfair prejudice."); *Abundes*, 2017 WL 6513105, at *2 ("Based on the minimal (if any) probative value of the evidence, we are sufficiently concerned that the risk of . . . confusion and unfair prejudice substantially outweighs any slight probative value.").[1]

    Further, evidence of alleged misconduct also opens the door to minitrials over wholly irrelevant issues, including the veracity of the allegations and the nature of Prime's response. *See Firemen's Fund Ins. Co. v. Thien*, 63 F.3d 754, 758 (8th Cir. 1995); *Kuecker*, 2024 WL 150086, at *5, *8 ("The Eighth Circuit Court of Appeals has affirmed exclusion of evidence that had the potential to waste time in minitrials over collateral issues," including where evidence is "so tenuously related to any relevant issue that the waste of time involved in presenting and explaining it is not warranted."). If Plaintiffs introduce unrelated allegations of discrimination, for example

---

[1] To the extent that Plaintiffs might attempt to introduce evidence of such allegations as "other acts" evidence, they can offer no credible permissible use under Rule 404(b)(2). *See Abundes*, 2017 WL 6513105, at *2 ("The reasons Defendants have offered [in opposition to the plaintiffs' motion in limine] imply they intend [to] introduce evidence of Plaintiffs' alleged misconduct in order to prove Plaintiffs' propensity to engage in unsavory behavior, but this is precisely the type of improper character evidence prohibited by Rule 404.").

2

Case 6:21-cv-03211-BP   Document 507   Filed 10/16/24   Page 3 of 5

(*cf.* Doc. 395 ¶¶ 111-15; Doc. 431 ¶¶ 338-42), Prime will be required to defend itself by introducing, among other things, evidence of Prime's driver liaison program, Prime's Highway Diamonds program for female drivers, and Prime's success in recruiting and retaining more female drivers than is typical in the industry. Although Prime is proud of these facts, they are irrelevant to the wage-and-hour questions that need to be answered in this case, and mini-trials on these issues would waste valuable judicial and party resources. Rule 403 therefore requires exclusion.

## CONCLUSION

The Court should exclude all evidence of allegations of harassment, discrimination, or other misconduct as irrelevant, unfairly prejudicial to Prime, and likely to waste time in litigation of collateral issues.

Dated: October 16, 2024

Respectfully submitted,

/s/Michele L. Maryott

| | |
|---|---|
| KATHLEEN M. NEMECHEK<br>JOCELYN A. VILLANUEVA<br>STEPHEN M. BLEDSOE<br>TIM S. MILLMAN<br>BERKOWTIZ OLIVER, LLP<br>2600 Grant Boulevard, Suite 1200<br>Kansas City, MO 64108<br>Telephone: 816-561-7007<br>Facsimile: 816-561-1888<br>knemechek@berkowitzoliver.com<br>jvillanueva@berkowitzoliver.com<br>sbledsoe@berkowitzoliver.com<br>tmillman@berkowitzoliver.com<br><br>*Attorneys for Defendant New Prime, Inc.* | MICHELE L. MARYOTT (*pro hac vice*)<br>JESSICA M. PEARIGEN (*pro hac vice*)<br>JORDAN JOHNSON (*pro hac vice*)<br>GIBSON, DUNN & CRUTCHER LLP<br>3161 Michelson Drive<br>Irvine, CA 92612<br>Telephone: 949-451-3945<br>Facsimile: 949-475-4668<br>mmaryott@gibsondunn.com<br>jpearigen@gibsondunn.com<br>jjohnson@gibsondunn.com<br><br>AMANDA C. MACHIN (*pro hac vice*)<br>THOMAS J. MCCORMAC IV (*pro hac vice*)<br>GIBSON, DUNN & CRUTCHER LLP<br>1700 M Street, NW<br>Washington, DC 20036-4504<br>Telephone: 202-887-3705<br>Facsimile: 202-530-4244<br>amachin@gibsondunn.com<br>tmccormac@gibsondunn.com |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 16th day of October, 2024, I electronically filed the above and foregoing document via the Court's CM/ECF system, which will send notification of said filing to all counsel of record.

/s/*Michele L. Maryott*
Michele L. Maryott