IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

PETER NYACHIRA, on behalf of himself and all other similarly situated persons,

    Plaintiffs,

vs.

NEW PRIME, INC.,

    Defendant.

Case No. 6:21-cv-03211-BP

**DEFENDANT NEW PRIME, INC.'S MOTION IN LIMINE TO EXCLUDE REFERENCES TO PLAINTIFFS' EXPERIENCES AS A-SEATS AND SUGGESTIONS IN SUPPORT**

## INTRODUCTION

Prime anticipates that Plaintiffs will attempt to introduce testimony or other evidence about their dissatisfaction with their time as lead seats (or "A-seats"), even though their time as lead seats is not at issue in this case. Based on deposition testimony, the anticipated complaints include—but are not limited to—criticisms about pay and expenses, disputes regarding the amount of home time available to A-seat drivers, and complaints about load assignments. Prime moves for exclusion of evidence regarding Plaintiffs' complaints about their A-seat experience as inadmissible under Federal Rules of Evidence 401, 402, and 403.

## ARGUMENT

As an initial matter, Plaintiffs' experience as A-seats is not relevant to the claims at issue here, which relate only to the question of liability for time Plaintiffs spent as D seats and the question of damages for the time they spent as B- or C-seats. Such unrelated grievances or complaints about a defendant employer are simply not relevant to Plaintiffs' FLSA and MMWL claims. *See, e.g.*, *Gargett v. Fla. Dep't of Juv. Just.*, 2024 WL 2111848, at *4-5 (M.D. Fla. May 10, 2024) (other employees' "complaints about treatment unrelated to the . . . claims at issue in this case" were "not relevant"). Evidence of such allegations would not make any fact material to the resolution of wage and hour claims more or less probable. *See* Fed. R. Evid. 401(a).

Assuming, *arguendo*, that such evidence could be minimally relevant, Rule 403 requires exclusion because any probative value would be "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, . . . undue delay, [and] wasting time." Fed. R. Evid. 403. Plaintiffs' A-seat experience has nothing to do with their time as PSDs. Testimony about the A-seat experience would be a waste of time that would force Prime to rebut such complaints or provide needed context, spawning a mini-trial on irrelevant issues. *See Firemen's Fund Ins. Co.*

1

*v. Thien*, 63 F.3d 754, 758 (8th Cir. 1995); *Kuecker Logistics Grp., Inc. v. Greater Omaha Packing Co., Inc.*, 2024 WL 150086, at *5 (D. Neb. Jan. 12, 2024) ("The Eighth Circuit Court of Appeals has affirmed exclusion of evidence that had the potential to waste time in minitrials over collateral issues," including where evidence is "so tenuously related to any relevant issue that the waste of time involved in presenting and explaining it is not warranted.").

## CONCLUSION

The Court should exclude all reference to Plaintiffs' time as A-seats as irrelevant and posing a substantial risk of confusion and undue delay.

Dated: October 16, 2024

Respectfully submitted,

*/s/Michele L. Maryott*

| | |
|---|---|
| KATHLEEN M. NEMECHEK | MICHELE L. MARYOTT (*pro hac vice*) |
| JOCELYN A. VILLANUEVA | JESSICA M. PEARIGEN (*pro hac vice*) |
| STEPHEN M. BLEDSOE | JORDAN JOHNSON (*pro hac vice*) |
| TIM S. MILLMAN | GIBSON, DUNN & CRUTCHER LLP |
| BERKOWTIZ OLIVER, LLP | 3161 Michelson Drive |
| 2600 Grant Boulevard, Suite 1200 | Irvine, CA 92612 |
| Kansas City, MO 64108 | Telephone: 949-451-3945 |
| Telephone: 816-561-7007 | Facsimile: 949-475-4668 |
| Facsimile: 816-561-1888 | mmaryott@gibsondunn.com |
| knemechek@berkowitzoliver.com | jpearigen@gibsondunn.com |
| jvillanueva@berkowitzoliver.com | jjohnson@gibsondunn.com |
| sbledsoe@berkowitzoliver.com | |
| tmillman@berkowitzoliver.com | AMANDA C. MACHIN (*pro hac vice*) |
| | THOMAS J. MCCORMAC IV (*pro hac vice*) |
| | GIBSON, DUNN & CRUTCHER LLP |
| *Attorneys for Defendant New Prime, Inc.* | 1700 M Street, NW |
| | Washington, DC 20036-4504 |
| | Telephone: 202-887-3705 |
| | Facsimile: 202-530-4244 |
| | amachin@gibsondunn.com |
| | tmccormac@gibsondunn.com |

2

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this the 16th day of October, 2024, I electronically filed the above and foregoing document via the Court's CM/ECF system, which will send notification of said filing to all counsel of record.

/s/*Michele L. Maryott*
Michele L. Maryott