IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

PETER NYACHIRA, on behalf of himself and all other similarly situated persons,

        Plaintiffs,

vs.

NEW PRIME, INC.,

        Defendant.

Case No. 6:21-cv-03211-BP

**DEFENDANT NEW PRIME, INC.'S MOTION IN LIMINE TO EXCLUDE REFERENCES TO AN INTERNAL EMAIL AND SUGGESTIONS IN SUPPORT**

## INTRODUCTION

Prime moves for exclusion of an email authored by a TNT driver, describing the conditions in her TNT trainer's truck on the grounds that it is irrelevant, hearsay, and improper "other act" evidence. *See* Doc. 395 at 24 ¶ 112. In her email, the TNT driver complains about a prior trainer who resisted her requests to stop for bathroom and shower breaks and because of the conditions of his truck. *See id.*[1]

Prime expects Plaintiffs to rely on this email to support their claim that PSDs are employees. *See* Doc. 395 at 24 ¶ 112 (Pl.'s Statement of Facts in Support of Partial Motion for Summary Judgment); Doc. 431 at 308 ¶ 339 (Pl.'s Opp. to Def's Mot. for Summary Judgment). Although the email was sent by a *TNT driver*—a newly licensed driver gaining experience by temporarily team driving with an experienced A seat driver—Plaintiffs cited the email to support their arguments about *PSDs*, claiming that the "PSD program is detrimental to the drivers" and that "over-the-road truck driving is a difficult profession, with high turnover, and team driving is particularly difficult." Doc. 395 at 23 (capitalization altered); Doc. 431 ¶ 339; Doc. 395 ¶ 112; *see also* Doc. 432 at 66 (Response to ¶ 112) (confirming that complaining individual was TNT driver).

The email is inadmissible. It should be excluded because it is irrelevant to the question of whether PSD students are employees or trainees. Even if the email had some relevance (it does not), its probative value is far outweighed by a danger of unfair prejudice, confusion of the issues and an unnecessary side show concerning Prime's response, which warrants exclusion under Rule 403. And, the email is also hearsay subject to no exception. And to the extent that Plaintiffs might

---

[1] To be clear, Prime does not tolerate such conditions on training trucks, for PSD or TNT. Prime has a policy to inspect all trucks used by PSD instructors or TNT trainers to ensure cleanliness.

1

attempt to use the email as evidence that the truck described represents the typical condition of Prime's trucks (which it does not), such evidence would not be admissible under Rules 404(b) or 406. For all of these reasons, as detailed below, the Court should exclude the email from trial.

## ARGUMENT

**A.** The email is irrelevant to the PSD claims because one TNT driver's experience on one occasion has no "tendency to make a [disputed] fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. The forthcoming trial on the PSD program asks the Court to take evidence about the PSD program and apply the *Walling*/DOL factors to the program. *See* Doc. 470 at 4-7 (citing *Walling v. Portland Terminal Co.*, 330 U.S. 148 (1947) and *Petroski v. H&R Block Enterprises, LLC*, 750 F.3d 976, 980 (2014)). But evidence of conditions on one TNT trainer's truck while team driving post-CDL, *see* Doc. 392 ¶¶ 125-29 (at 39), does not make it "more or less probable" that participants in Prime's distinct pre-CDL program, not involved in team driving, *see id.* ¶ 99 (at 34-35), are or are not employees under these criteria. A PSD participant is not more or less likely to displace a regular employee, or to expedite or impede Prime's business, based on the conditions on one TNT trainer's truck. Whether a PSD participant can use the training for another employer has nothing to do with the conditions on one trainer's truck, nor do those conditions make it more or less likely that the PSD program curriculum is similar to that of a vocational school. Nor do those conditions make the PSD program more or less likely to benefit trainees, to displace workers, or to benefit Prime. They likewise have no bearing on whether PSD participants or Prime understood the participants were or were not entitled to employment or wages. Evidence is irrelevant when "it does not prove or disprove any disputed fact of consequence at trial." *Hooks v. Saltgrass Arkansas, Inc.*, 2024 WL 2163182, at *6 (E.D. Ark. May 12, 2024); *see also Hohn v. BNSF Ry. Co.*, 707 F.3d 995, 1002 (8th Cir. 2013) (affirming

2

exclusion of evidence on relevance grounds when its substance was "not necessarily a fact of consequence" at trial). Conditions on TNT trainers' trucks are not a "disputed fact of consequence" in the trial on PSD participants' employment status; the email is thus irrelevant.

**B.** Relevancy issues aside, Rule 403 requires exclusion because any probative value would be "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, . . . undue delay, [and] wasting time." Fed. R. Evid. 403. Even where evidence of a party's prior acts may be minimally probative of the claims at issue, it has potential to produce mini-trials on "collateral issues," *Firemen's Fund Ins. Co. v. Thien*, 63 F.3d 754, 758 (8th Cir. 1995) (internal quotation marks omitted)—here, the sufficiency of Prime's response. The sufficiency of that response is not the question before the Court in this case. Rule 403 therefore requires exclusion.

**C.** The email is also inadmissible because it is hearsay not subject to any exception. *See* Fed. R. Evid. 801(c); *Nokes v. U.S. Coast Guard*, 282 F. Supp. 2d 1085, 1089 (D. Minn. 2003) ("as an out of court statement offered as proof of the matter it asserts, the e-mail is inadmissible hearsay"). "Unless a hearsay statement falls within an exception, it is generally inadmissible at trial." *White Commc'ns, LLC v. Synergies3 Tec Servs., LLC*, 4 F.4th 606, 612 (8th Cir. 2021).

The email is hearsay because it will be offered to prove the truth of the matter asserted by the TNT driver, as it has been offered in prior briefing from Plaintiffs. As demonstrated in their summary judgment briefing quoted above, Plaintiffs seek to use the email as evidence that the team-driving component of PSD is "particularly difficult." Doc. 431 at 99. Without admitting the contents of the email for their truth, a factfinder could not infer from the email that team driving is difficult, and the email would therefore bear no relevance to Plaintiffs' PSD-related claims. This is not a case where the email would be admitted for its effect on the reader, *i.e.*, to show how Prime responded to the email. *See, e.g.*, *White Commn'ns*, 4 F.4th at 613 (emails between non-witnesses

3

not hearsay because they were admitted to "show [their] effect on the listener"—the "impact" of the emails on the defendant's decision to terminate the plaintiff for cause); *United States v. Cooke*, 675 F.3d 1153, 1156 (8th Cir. 2012) (victim's email that she was underage was not hearsay because it was admitted solely to provide context for the defendant's response showing lack of concern). Instead, Plaintiffs will likely seek to minimize rather than emphasize Prime's response to the TNT's report. Plaintiffs would only seek to admit the email as evidence of the truth of its contents.

No exception to the hearsay rule permits admission. This does not fall within Rule 803(1)'s present sense impression exception. The Eighth Circuit unambiguously recognizes the exception as applying only to communications occurring contemporaneously with, or a matter of minutes after, the event being described. *See United States v. Dean*, 823 F.3d 422, 428 (8th Cir. 2016) (call made while still bleeding from assault); *see also United States v. Mitchell*, 726 F. App'x 498, 502 (8th Cir. 2018); *Swift Transp. Co. of Arizona, LLC v. Angulo*, 716 F.3d 1127, 1136 (8th Cir. 2013). The author of the email was writing about a *past* trainer, not a current one. For similar reasons, the "excited utterance" exception is also inapplicable. *See* Fed. R. Evid. 803(2) (requiring statement to be "made while the declarant was under the stress of excitement that it caused").

Nor does the "then-existing . . . condition" exception under Rule 803(3) apply. That exception is "essentially a specialized application of Rule 801(1), premised on the supposition that 'substantial contemporaneity of event and statement negate the likelihood of deliberate or conscious misrepresentation.'" *United States v. Naiden*, 424 F.3d 718, 722 (8th Cir. 2005) (quoting Fed. R. Evid. 803(1) advisory committee's note). Thus, Rule 803(3) requires that the "statement be *contemporaneous* with the declarant's 'then existing' state of mind, emotion, sensation, or physical condition." *Id.* The exception does not apply when, as here, there is a "lapse of time between an event and a statement about the event." *Id.* The email describes the TNT

4

driver's "mental, emotional, or physical condition" in the past, so Rule 803(3) does not apply. Because no hearsay exception applies, the email is inadmissible hearsay.

D. The email is also inadmissible as "other act" evidence of Prime's character—*i.e.*, because one of Prime's TNT trucks had unacceptable conditions on one occasion, that is evidence that Prime generally allowed such conditions on its trucks and therefore it is likely that such conditions are representative of the class and collective's experience. Such usage would be impermissible under Fed. R. Evid. 404(b). The Eighth Circuit has recognized that business entities may have "character" and qualify as a "person" for Rule 404(b) purposes. *See, e.g.*, *Weitz Co. LLC v. MacKenzie House, LLC*, 665 F.3d 970, 975 (8th Cir. 2012).

That rule thus bars Plaintiffs from introducing the email as "other act" evidence that because one trainer and one truck failed to conform to certain standards, this is representative of the condition of all of Prime's trucks and all of Prime's instructors and trainers. Indeed, the only possible purpose of the email, particularly in the class action context, would be to suggest that the factfinder should infer the conditions described are pervasive amongst PSD instructors and their trucks. This inference is impermissible under the Rules. And because the sole introduction of the email would be to prompt the factfinder to make this improper inference, the permitted uses of character evidence—to show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident," Fed. R. Evid. 404(b)(2)—simply do not apply.[2] Plaintiffs cannot admit the email under the auspices of Rule 404(b).

---

[2] Moreover, admission under Rule 404(b) requires a Rule 403 analysis which, as discussed above, *see* Section B *supra*, Plaintiffs cannot overcome. *See Batiste–Davis v. Lincare, Inc.*, 526 F.3d 377, 380 (8th Cir. 2008) (test for admission under Rule 404(b) requires "an analysis equivalent to that in Rule 403"); *United States v. Gomez*, 763 F.3d 845, 857 (7th Cir. 2014) ("Other-act evidence raises special concerns about unfair prejudice because it almost always carries some risk that the [factfinder] will draw the forbidden propensity inference.").

**E.** Nor may Plaintiffs attempt to introduce a single email as habit evidence under Rule 406. Under that Rule, "[e]vidence of . . . an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice." Fed. R. Evid. 406.

There is no evidence of habit here. Although "there is no precise formula for determining when conduct is so consistent as to become a 'habit,' . . . [i]t is only when examples offered to establish such pattern of conduct or habit are 'numerous enough to base an inference of systematic conduct,' that examples are admissible." *Williams v. Sec. Nat'l Bank of Sioux City*, 358 F. Supp. 2d 782, 812-13 (N.D. Iowa 2005) (quoting *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 511 (4th Cir. 1977)). Habit evidence must therefore support an "inference of systematic conduct," *United States v. Jones*, 2015 WL 927357, at *4 (D. Minn. Mar. 4, 2015) (internal quotation marks omitted), and courts must exclude proposed evidence "because of failure to achieve the status of habit," Fed. R. Evid. 406 advisory committee's note (1972); *see also* 23 *Fed. Prac. & Proc. Evid.* § 5274 (2d ed.) ("'Routine practice' is conduct that an organization performs frequently and consistently in a specific situation."). For example, in *R.M. Taylor, Inc. v. General Motors Corp.*, 187 F.3d 809 (8th Cir. 1999), the Eighth Circuit held that three acts were not sufficient to show "routine practice." *Id.* at 815. Here, the email establishes just one instance of problematic conduct by a TNT trainer. This one instance cannot be admitted to show that Prime had a habit of permitting these standards among PSD instructors.

## CONCLUSION

The Court should exclude the email because it is irrelevant, properly excluded under Rule 403, hearsay, and inadmissible as "other act" or habit evidence.

Dated: October 16, 2024                    Respectfully submitted,

                                           /s/Michele L. Maryott

| | |
|---|---|
| KATHLEEN M. NEMECHEK | MICHELE L. MARYOTT (*pro hac vice*) |
| JOCELYN A. VILLANUEVA | JESSICA M. PEARIGEN (*pro hac vice*) |
| STEPHEN M. BLEDSOE | JORDAN JOHNSON (*pro hac vice*) |
| TIM S. MILLMAN | GIBSON, DUNN & CRUTCHER LLP |
| BERKOWTIZ OLIVER, LLP | 3161 Michelson Drive |
| 2600 Grant Boulevard, Suite 1200 | Irvine, CA 92612 |
| Kansas City, MO 64108 | Telephone: 949-451-3945 |
| Telephone: 816-561-7007 | Facsimile: 949-475-4668 |
| Facsimile: 816-561-1888 | mmaryott@gibsondunn.com |
| knemechek@berkowitzoliver.com | jpearigen@gibsondunn.com |
| jvillanueva@berkowitzoliver.com | jjohnson@gibsondunn.com |
| sbledsoe@berkowitzoliver.com | |
| tmillman@berkowitzoliver.com | AMANDA C. MACHIN (*pro hac vice*) |
| | THOMAS J. MCCORMAC IV (*pro hac vice*) |
| | GIBSON, DUNN & CRUTCHER LLP |
| *Attorneys for Defendant New Prime, Inc.* | 1700 M Street, NW |
| | Washington, DC 20036-4504 |
| | Telephone: 202-887-3705 |
| | Facsimile: 202-530-4244 |
| | amachin@gibsondunn.com |
| | tmccormac@gibsondunn.com |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 16th day of October, 2024, I electronically filed the above and foregoing document via the Court's CM/ECF system, which will send notification of said filing to all counsel of record.

    /s/*Michele L. Maryott*
Michele L. Maryott