IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| PETER NYACHIRA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 21-03211-CV-S-BP |
| | ) | |
| NEW PRIME, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER (1) GRANTING PLAINTIFFS' MOTION FOR APPROVAL OF FLSA SETTLEMENT OF B AND C SEAT CLAIMS AND (2) DISMISSING B AND C SEAT CLAIMS**

Pursuant to 28 U.S.C. § 216(b), the Court previously certified a collective action consisting of certain "B seat" and "C seat" drivers to assert claims for unpaid wages under the Fair Labor Standards Act (the "FLSA"). (Doc. 86; Doc. 121.) Plaintiff has now filed a Motion asking the Court to approve the parties' settlement of those claims.[1] The Motion, (Doc. 570), is **GRANTED** and the Court **ORDERS** as follows:

1. The proposed settlement, (Doc. 575-1), is approved as a fair and reasonable resolution of a bona fide dispute under the FLSA. The Court reaches this conclusion based on (1) the amount of the settlement, (2) the potential recovery based on the opinions of Plaintiff's expert witness, and (3) its knowledge of the litigation history, the issues, and the attendant risks of continued litigation of these matters.

2. The proposed distribution of the settlement funds, (*see* Doc. 575-1, p. 2, ¶ 1),[2] including the designation of $992,500.00 to be distributed to members of the FLSA collective,

---

[1] As Plaintiff points out, the Eighth Circuit has not addressed whether judicial approval of an FLSA settlement is required. *E.g.*, *Vines v. Welspun Pipes Inc.*, 9 F.4th 849, 854 n.1 (8th Cir. 2021). This Order should not be construed as a ruling that judicial approval is required.

[2] All page numbers are those generated by the Court's CM/ECF system.

$10,000 to be distributed as a service payment to Named Plaintiff Peter Nyachira, and $47,500 to be distributed as service payments to those opt-in plaintiffs who participated in discovery as set forth in the Settlement Agreement, are approved as fair and reasonable. Additionally, the proposed method of distribution of the settlement funds set forth in the Settlement Agreement, (Doc. 575-1, p. 5, ¶¶ 6(b), 6(c)), is approved as fair and reasonable.

3. The notices attached to the Settlement Agreement as Exhibits B and C, (Doc. 575-1, pp. 37-38), are approved as fair and reasonable.

4. Defendant shall fund the settlement, which will be distributed to Plaintiffs in accordance with the terms of and pursuant to the schedule set forth in the Settlement Agreement.

5. The Court will separately resolve Plaintiffs' application for an award of reasonable attorneys' fees and costs. Resolution of Plaintiffs' application for an award of reasonable attorneys' fees and costs shall not delay issuance of payments to FLSA collective members pursuant to the settlement.

6. The Court will retain jurisdiction over this case to enforce, and resolve any disputes regarding, the Settlement Agreement.

7. The claims of B and C seat drivers are **DISMISSED** in accordance with the settlement.[3]

**IT IS SO ORDERED.**

DATE: March 27, 2025

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3] With the dismissal of the B and C seat drivers' claims, and with the prior judgment regarding the D seat drivers' claims, (*see* Doc. 546), all claims have been resolved (although posttrial/postjudgment matters involving the D seat drivers and Plaintiff's Motion for fees and costs in connection with the B and C seat drivers are pending).